UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                   :
                                            :
                                            :        17 Cr. 19 (RMB)
        - against -                         :
                                            :        **DECISION & ORDER**
                                            :
RICHARD USHER, ROHAN RAMCHANDANI,           :
and CHRISTOPHER ASHTON                      :
                        Defendants.         :
-----------------------------------------------------------------x

    Having reviewed the record herein, the Court denies Defendant Rohan Ramchandani's letter application, dated December 18, 2020, requesting modification of the Protective Order, dated July 17, 2017. Defendant seeks to use 58 documents which had earlier been produced to Defendant by the Government (during his criminal case) in a separate civil enforcement action brought by the Office of the Comptroller of the Currency ("OCC"). See Dec. 18, 2020 Def. Ltr. at 1. On October 26, 2018, following a two-week trial, Ramchandani was acquitted by a jury of conspiracy to restrain trade in violation of § 1 of the Sherman Act, 15 U.S.C. § 1.

    The Court also grants the Government's application, dated December 18, 2020, for "[a]n order requiring Mr. Ramchandani to fully comply with paragraph 2(c) of the Protective Order by [returning or] destroying the entire discovery set, save for any document(s) for which he has received . . . the document owner's consent for use in the OCC proceedings, or for which he has a pending or approved *Touhy* request, by February 1, 2021." See Dec. 18, 2020 Gov't Ltr. at 12.

**Legal Standard**

    "[T]here is a strong presumption against the modification of a protective order." *United States v. Maxwell*, 2020 WL 5237334, at *1 n.2 (S.D.N.Y. Sept. 2, 2020) (quoting *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011)); *see also United States v. Calderon*, 2017 WL 6453344, at *3 (D. Conn. Dec. 1, 2017). "This presumption can only be overcome if there is a showing of 'improvidence in the

grant of the order or some extraordinary circumstance or compelling need.'" *United States v. Kerik*, 2014 WL 12710346, at *1 (S.D.N.Y. July 23, 2014) (citing *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001)).

**Analysis**

Ramchandani has not rebutted the strong presumption against modification of the Protective Order. For one thing, he does not contend that there was any improvidence in the grant of the Protective Order, which was entered into "on consent" of Ramchandani's counsel (WilmerHale LLP), defendant Richard Usher's counsel (White & Case LLP), defendant Christopher Ashton's counsel (Schertler & Oronato, LLP), and Government counsel. See Protective Order; Dec. 18, 2020 Def. Ltr. The Protective Order was negotiated and agreed to by the parties and their experienced counsel and ordered by the Court. See Protective Order at 1; see also *Kerik*, 2014 WL 12710346, at *2 (where, as here "[defendant] does not argue that the Protective Order was improvidently granted . . . he expressly agreed to be bound by the Protective Order").

Second, Ramchandani has failed to show any extraordinary circumstance or compelling need for modification of the Protective Order. As the Government points out, defense counsel were fully capable of pursuing the requested documents through traditional means of discovery in the OCC proceedings, among other ways, by filing a *Touhy* application with the Department of Justice and/or by issuing subpoenas to third parties. See Aug. 21, 2020 Gov't Ltr. at 5; Nov. 4, 2020 Tr. at 19:14-18, 20:25-21:3; Dec. 18, 2020 Gov't Ltr. at 9. Defense counsel failed to do so. The argument that modification of the Protective Order in this Court is "by far the most likely and efficient way" to obtain the requested documents – even if accurate – does not amount to an extraordinary circumstance or compelling need which would justify modification of the Protective Order. See Dec. 18, 2020 Def. Ltr. at 4; see also *Kerik*, 2014 WL 12710346, at *2 ("[defendant] has not shown an extraordinary circumstance or compelling need . . . [where] the Protective Order does not prevent [defendant] from requesting discovery of these documents in his other proceedings"); *Medical Diagnostic Imaging,*

*PLLC v. Carecore Nat., LLC*, 2009 WL 2135294, at *2 (S.D.N.Y. July 16, 2009) ("efficiency [] is hardly an extraordinary or compelling circumstance" to justify or warrant modification of the Protective Order).

**Conclusion & Order**

The Government's application is granted and Defendant Ramchandani's application [jointly Dck. # 254] is denied.

Defendant Ramchandani and his counsel are directed to comply with Paragraph 2(c) of the Protective Order and return to the Government or destroy, by Monday, February 1, 2021, the entire set of discovery covered by the Protective Order (including the 58 documents discussed in Defendant's application), but excluding any document for which Defendant has obtained the document owner's consent for use in the OCC proceedings, or for which he has a pending or approved *Touhy* request. See Dec. 18, 2020 Gov't Ltr. at 12. Defendant shall certify such return or destruction in writing to the Court and Government counsel by Friday, February 5, 2021. *See e.g. In re Hornbeam*, 2020 WL 4698955, at *4 (S.D.N.Y. Aug. 13, 2020).

Dated: New York, New York
       December 22, 2020

_____
**RICHARD M. BERMAN, U.S.D.J.**