December 22, 2020

**VIA ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *United States v. Usher et al.*, 17 Cr. 19 (RMB)

Dear Judge Berman:

We appreciate the Court's order of today regarding our application to modify the Protective Order.  Dkt. 255.  We respectfully submit this letter to seek one clarification.  Mr. Ramchandani's original application did not include the exhibits admitted at the October 2018 trial in this case because counsel believed it to be uncontroversial that ***publicly admitted*** trial exhibits were no longer subject to the Protective Order and therefore any modification as to those trial exhibits was unnecessary.  *See* Dkt. 36, Protective Order para. 7 ("nothing in this stipulation shall restrict the use of [] publicly available documents").  Yet in the parties' joint letter on December 18, 2020, Dkt. 254, the Government took the concerning position that trial exhibits admitted in open court—and not under seal—are not "publicly available" and therefore remain subject to the Protective Order.  The Government's position is contrary to the First and Sixth Amendments, the law in the Second Circuit on access to public court proceedings, and our understanding of the normal practices of the U.S. District Court and the U.S. Attorney's Office in this District.  *See U.S. v Sherry*, 107 Fed. Appx. 253 (2d Cir. 2004) (prosecutors' release of trial exhibits to the press was permitted by SDNY Local Criminal Rule 23.1(c), and "[i]ndeed, if a request had been made to the District Court for the release of trial exhibits, it could not have been turned down"), rev'd on other grounds by *Berwick v. U.S.*, 544 U.S. 917 (2005); *Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 952 (2d Cir. 1980) ("Once the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction."); *see also* U.S. Courts, Covering Criminal Trials – Journalist's Guide, https://www.uscourts.gov/statistics-reports/covering-criminal-trialsjournalists-guide ("Trial exhibits that are admitted into evidence become part of the public record.").  We respectfully ask the Court to clarify that its order does not require Mr. Ramchandani to return or destroy publicly admitted trial exhibits under the conditions set forth in the order.

Respectfully submitted,

<u>/s/ Heather Nyong'o</u>
Heather Nyong'o
Anjan Sahni
Thomas Mueller
Counsel for Rohan Ramchandani
WilmerHale LLP
7 World Trade Center
New York, NY 10007