

**U.S. Department of Justice**

Antitrust Division

*New York Office*

26 Federal Plaza, Room 3630
New York, NY 10278

December 30, 2020

<u>Filed via ECF</u>

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *U.S. v. Usher, et al* 17 Cr. 19 (RMB)

Dear Judge Berman:

      We write in response to the December 22, 2020 letter from Rohan Ramchandani in which he requests that this Court rule that all the admitted exhibits[1] from the October 2018 trial of his criminal case be deemed "publicly available" and thus not subject to the Court's Protective Order in that case by virtue of the Order's paragraph 7 ("nothing in this stipulation shall restrict the use of [] publicly available documents"). The Government opposes this motion as contrary to both law and policy interests of the federal courts.

      The precise legal basis for Mr. Ramchandani's motion remains obscure. In some respects, it appears Mr. Ramchandani intends for his argument to be taken literally – i.e., any document instantly becomes "publicly available" when it is "publicly admitted" as a trial exhibit, thus triggering paragraph 7 of the Protective Order. If so, this Court can deny his request without further discussion. None of the 397 trial exhibits is publicly available under any plain meaning of that phrase. During Mr. Ramchandani's trial, single pages or small snippets of admitted exhibits were displayed on screens in the courtroom, but then disappeared from view, and the bulk of their text was never publicly displayed. Courtroom spectators had no ability to record or photograph the documents in those moments, given the courthouse's strict policy on electronic devices. No copies were placed on the docket or any website. Neither the Court nor the clerk's office maintained copies of exhibits, and there is no other public repository in which they are

---

[1] While Mr. Ramchandani did not identify these documents in his letter, two days ago, his counsel sent the Government a list of 397 documents that they believe were admitted as trial exhibits. The Government has not had sufficient opportunity to confirm the accuracy of this list, but will accept the representation for current purposes.

kept. These are normal practices of the Southern District, and should be expected by all parties. As a result, there was never any need for the Government to move to seal any trial exhibit, because no further publication of the document (other than the limited and ephemeral courtroom disclosure) was contemplated.

The Government recognizes, however, that Mr. Ramchandani may have intended his argument to be more conceptual: namely, that any document admitted as a trial exhibit is, in a sense, public property, and thus Mr. Ramchandani (or anyone else) may make free use of it. This invokes the concept of "judicial documents," a well-known legal doctrine concerning public access to documents submitted to courts. Mr. Ramchandani's recent letter does not accurately describe that legal concept or demonstrate his right to relief under that concept.

The Second Circuit Court of Appeals recognizes a common-law right of access to judicial documents – a category that can include exhibits attached to motions by litigants, trial exhibits, and similar documents – but holds that such right is neither automatic nor absolute, even for evidence that has already been aired in a public trial. Just a few months ago, the Court of Appeals affirmed that view and denied access to a videotaped deposition on privacy and other grounds, even though the deposition had already been played in open court at trial and a transcript of the deposition was publicly available. *Mirlis v. Greer*, 952 F.3d 51, 67 (2d Cir. 2020). The *Mirlis* Court was expressly following its prior decision in *United States v. Amodeo*, still a leading case. *Amodeo* teaches that public access to court filings is presumptive only. A reviewing court must weigh the strength of the presumptive public interest in each document – which may in fact be quite small, if it concerns mainly private interests – against competing considerations, including personal privacy, law enforcement interests, or business confidentiality. *United States v. Amadeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). Courts in this Circuit follow that rubric and, on some occasions, rule that competing considerations outweigh the requestor's interest in the document. *See, e.g.*, *SEC v. Telegram Group*, No. 19-cv-9439 (PKC), 2020 WL 3264264, *6 (S.D.N.Y. June 17, 2020) (ruling that "asserted interests in protecting non-party privacy, proprietary business information, and banking records outweighs the public's right to access certain portions" of exhibits filed with a summary judgment motion); *Encyclopedia Brown Prods., Inc. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-614 (S.D.N.Y. 1998) (granting motion to seal certain trial exhibits containing trade secrets and "detailed financial information," even though some information was over 10 years old). Mr. Ramchandani's suggestion that this Court can simply wave its hand over the entire set of *U.S. v. Usher* trial exhibits and deem them open to the public is incompatible with this established law, and could have far-reaching consequences for every litigation in this District.

With this legal background, the Court can deny Mr. Ramchandani's letter motion on at least two grounds:

**First** and foremost, his motion is legally insufficient. Mr. Ramchandani has not provided any facts for the balancing test that this Court must apply under *Amodeo*. He has not explained why any particular trial exhibit is crucial to his ability to defend against the claim brought against him by the OCC (his stated reason for wanting free access to the documents), much less made that argument for each of 397 exhibits. He also makes no attempt to argue why any personal interest he has in using these documents is compelling enough to outweigh the obvious third-party interests present in the documents, from personal privacy to commercial confidentiality. A

cursory glance at the trial exhibits shows what he missed: GX-11, GX-17, and dozens more exhibits from both sides are trading data that reveal the names of hundreds of bank clients plus detailed information on specific trades they performed, much of which was never displayed at trial; GX-318 is a chat that contains several off-color discussions about named colleagues, plus offensive comments about the wife of a trader; GX-1010 is a chat in which Mr. Ramchandani and others gossip and make disparaging comments about the skills of other (non-defendant) traders. Further examination of the entire slate of exhibits would undoubtedly reveal more. The Court is required to weigh these competing interests, but Mr. Ramchandani has put nothing on the scale.

**Second**, Mr. Ramchandani has not approached this Court with clean hands, but instead has repeatedly tried to leverage his wrongful possession of the documents into a right to use them, while sidestepping the legitimate interests of others. He has copies of these documents only by virtue of his deliberate violation of paragraph 2(c) of the Protective Order, which instructed him to destroy the documents after his acquittal. If he had followed this Court's order, Mr. Ramchandani would have to request the documents like any other civil litigant, such as by subpoena or *Touhy* request, in which case the responding party would have an opportunity to lodge objections or assert competing interests, as provided by law. That kind of gamesmanship and open disregard of a federal court's order should not be rewarded.

\* \* \*

The Government believes this is sufficient basis for the Court to summarily deny Mr. Ramchandani's request to have the *U.S. v. Usher* trial exhibits deemed publicly available and thus not subject to the Court's Protective Order, and bring an end to this entire series of motions. At this point, Mr. Ramchandani has had more than enough opportunity to state his case. He should follow this Court's most recent order (issued December 22, 2020, Dkt. 255) to return or destroy the criminal discovery documents by February 5, 2021.

Alternatively, if the Court is inclined to give Mr. Ramchandani a chance to cure his motion, the Government respectfully requests that the Court also allow any interested parties (including the Government) to be heard if they believe that their relevant privacy, law enforcement, or confidentiality interests in any particular trial exhibit(s) weigh against public disclosure, and Mr. Ramchandani should bear the burden of providing notice to those parties.

Respectfully submitted,

*Carrie A. Syme*

Carrie A. Syme
Assistant Chief, New York Office
U.S. Department of Justice, Antitrust Division
carrie.syme@usdoj.gov
Mobile: (646) 714-1906